HARRIS vs. THE STATE OF GEORGIA.

1. While the presiding judge may ask such pertinent questions as he pleases of the witnesses to elucidate the truth of the case, he should be careful not to exercise the right in such manner as to intimate an opinion against the prisoner; and, therefore, where, after a witness had testified to the good and peaceful character of the defendant, and no testimony had been adduced in respect to the defendant's having beaten his wife with a file or otherwise, the judge asked the witness: "Mr. Chisolm, have you not heard that defendant once beat his wife with a butcher's file?":

*Held*, that the question ought not to have been asked by the judge, because it might have produced the impression, and probably did produce it, that the presiding judge considered the defendant a bad man, as he intimated that he, the judge, had heard about his beating his wife, and because the judge thereby intimated an opinion against defendant.

2. The court, in charging the jury, erred in telling them that it was the duty of the defendant to put down his knife before he advanced upon the prosecutor—there being some evidence that he had no knife at all, and other evidence that he had been using the knife in cleaning tripe—and the whole question of the conduct of the defendant, and his intent in respect to the use of the knife, being exclusively a question of fact for the jury.

3. The case not being such as to require the verdict, notwithstanding the errors of the court, and there being errors as above recited in the charge of the court, and the question put to the witness, a new trial is awarded.

Criminal law. Practice in the Superior Court. Charge of court. New trial. Before Judge CLARK. City Court of Atlanta. September Term, 1877.

Harris was charged with an assault. On the trial, the evidence for the state was, in brief, as follows : Defendant was sitting in the door of a beef market cleaning tripe ; Davis (the prosecutor) had a pile of gravel about ten steps away, with which he was roofing a house ; he found that some one had thrown greasy water on it ; asked who it was ; defendant said, " who the hell do you mean—me ?" Defendant advanced towards him, with a knife in his hand, saying he would show Davis who was the best man, or some

similar expression made forcible by profanity. When he was within four or five steps of Davis, the latter turned and went up on the house where he was working; he did not run—he only went; defendant did not give chase, but returned to his tripe. The two were strangers. Prosecutor did not offer to drop the matter for five dollars. He worked on the roof where he went all day; nothing more occurred.

The evidence for the defense was, in brief, as follows: Defendant is peaceable. He was employed in the shop; was obliged to use a knife a great deal, and to have one about his person. When Davis came up he had it in his mouth. Davis inquired, with an oath, why he threw water on the gravel. Defendant took the knife from his mouth and asked if he was meant; Davis replied that he was; defendant got up and went to the gravel, and looked at it. Davis went up on the house; defendant went back to his tripe. Both parties indulged in profanity. Prosecutor said he would drop the matter for $5.00. One witness swore that he saw no knife.

Defendant was convicted. He moved for a new trial; it was refused, and he excepted.

For the other facts see the opinion.

FRAMPTON E. ELLIS; W. D. ELLIS, for plaintiff in error, cited Code, §4357; 1 Hawk., c. 61, §1; 1 Bay, 351; 33 Tex., 517; 65 N. C., 532; Arch. Cr. Pl. & Pr., 908, 909.

HOWARD VAN EPPS, solictor of city court, for the state, cited as follows: Nature of assault, Code, §4357; 2 Bish. Cr. L., §23; 1 Car. & K., 257; 3 Sneed, 66, 662; 11 Vt., 636; 2 Bish. Cr. L., 32; 7 Fost., N. H., 223; 2 Humph., 457; 9 Car. & P., 483; 10 Iowa, 126; 53 *Ga.*, 205. Question of judge, 19 *Ga.*, 104, 118, 425; 11 *Ib.*, 96, 97.

JACKSON, Justice.

In this case the defendant was charged with an assault,

and convicted of the offense.   He made a motion for a new trial, it was overruled and he excepted.

The errors assigned and pressed for reversal here are three.

1. It is urged that the court intimated strongly an opinion to the jury that the defendant was a bad man, by asking a witness the question :  " Mr. Chisolm, have you not heard that defendant once beat his wife with a butcher's file ?" Mr. Chisolm had sworn to the peaceable and good character of defendant, and thereupon the judge asked the question. He says in his certificate to the bill of exceptions that the occurrence took place in his, the judge's yard, and that he had personal knowledge that defendant did so beat his wife. The judge has the right to ask any question he may choose of any witness, provided he does not thereby show that he takes sides, or express or intimate an opinion.   The general rule is that he may and ought to ask questions to bring out truth.   19 *Ga.*, 102.   But if in so doing he shows his opinion of the guilt of the accused, he thereby commits error. Here Mr. Chisolm answered that he had not heard it ; but the impression was made by the question that the judge had heard it, and that the judge believed the accused to be a bad, violent man, and that he ought to be convicted.   We think that it bore unlawfully upon the accused, and might have turned the scale against him.

Nor do we think that the certificate helps it.   The judge did know of the fact, and it got to the jury that he did, without any oath to carry it to them.

2. The evidence was conflicting about the accused having any knife, when he advanced, and it preponderated that if he did he had it cleaning tripe ; therefore, we think the court should not have said to the jury that he ought to have laid down his knife, in the charge complained of.   Its effect was to tell them he had the knife, in the opinion of the judge, and that his purpose in his opinion was to use it.

3. On the whole, while we cannot say that he might not have been convicted on a fair trial, the case seems to us not

a very strong one from the evidence; and, therefore, without ruling that the verdict is so decidedly and strongly against the weight of the evidence as to require a new trial on that ground, and without expressing a decided opinion upon it, we will say that the evidence does not require the verdict to such a degree as to demand that it shall stand notwithstanding the errors of the court; therefore we reverse the judgment and grant a new trial.

Judgment reversed.