## GILLIS *v.* BOWMAN.

BECK, J. 1. The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character. And it not appearing, in any of the numerous exceptions contained in the motion for a new trial, that there was any abuse of discretion upon the part of the presiding judge as to the extent of the examination of the witness by himself, nor that the examination took such course as to become argumentative in its character, nor that any opinion was expressed or intimated by the court as to what had or had not been proved, no cause for reversing the judgment and ordering a new trial is shown in any of the grounds of the motion containing exceptions to the examination of the witness by the court itself. *Bowden* v. *Achor*, 95 *Ga.* 244 (22 S. E. 254) ; *Harris* v. *State,* 61 *Ga.* 359; *Epps* v. *State,* 19 *Ga.* 102; *Gordon* v. *Irvine,* 105 *Ga.* 144 (31 S. E. 151).

2. Where a lengthy examination of a witness by the court, containing numerous questions and answers, is set forth in one ground of the motion for a new trial, and it is complained that all of the questions and answers were objectionable for certain reasons, and it appears that some of the questions and answers were not clearly open to the objec-

tions urged, the judgment of the court below overruling this ground; of the motion for a new trial will not be disturbed here.

3. Those portions of the charge excepted to upon the ground that they were argumentative or defective in that they failed to state fairly and fully the contentions of the plaintiff in error, or that they contained expressions or intimations upon the facts of the case, or were not, authorized by the evidence, are not subject to the criticisms made.

4. The evidence authorized the verdict, and the court below did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

Argued November 5, 1908.—Decided June 22, 1909.

Complaint; distraint; foreclosure of lien; trover. Before Judge: Spence. Worth superior court. February 12, 1908.

Bowman was the tenant of Gillis during the years 1887 and 1888, and in the course of their dealings with each other they carried mutual accounts. In April, 1889, Bowman brought suit on account against Gillis for $443.50. In September of the same year Gillis sued out a distress warrant against Bowman for rent due and to become due, amounting to $317.50. Later in the same month Gillis brought suit against Bowman to foreclose his landlord's lien for supplies furnished to the amount of $86.66. Again, in December, 1890, Gillis brought an action in trover against Bowman to recover two bay mares, to which he claimed title, and for which he claimed Bowman had never paid him, of the alleged value of $240. In the three cases in which Gillis was plaintiff the jury rendered a verdict in favor of defendant; and in the case of Bowman against Gillis the jury gave a verdict in favor of Bowman for $413.50. Motions for a new trial were made in each of the cases, and to the judgments overruling them Gillis excepted. The motions in all of the cases contained the same grounds and raise the same questions for decision.

*J. H. Tipton* and *Perry & Williamson,* for plaintiff in error.
*John D. Pope, Samuel S. Bennet,* and *Claude Payton,* contra.