### 2279.  EAVES *et al. v.* FIELD & SON.

RUSSELL, J.  1. A ruling upon the admissibility of testimony may, of course, be reviewed by a motion for a new trial, but the admissibility or incompetency of testimony, to which no objection was interposed at the time it was introduced, can not be tested for the first time by an exception to a charge of the court which is abstractly correct and would generally be unexceptionable, merely because some of the evidence in the case might have been subject to be excluded if proper timely objection had been urged thereto.  Exceptions to the charge of the court can not be used as a substitute for timely objections to the introduction of testimony.  Consequently, as no objection was made to any of the testimony in this case, so far as it appears from the record, nor any motion

made to rule out any of the testimony introduced, it was not error to instruct the jury that "they should take into consideration all of the evidence which had been adduced before them in making up their verdict," even if some of the testimony was legally inadmissible.

2. A plea denying partnership must be sworn to. There was no plea denying partnership in this case. The question of partnership not being involved, the petition must be construed as setting forth \a cause of action against the named defendants, by which they became jointly and severally liable to the plaintiff for the value of goods furnished. The evidence authorized the finding against both defendants and there was no error in refusing a new trial.          *Judgment affirmed.*

DECIDED JULY 19, 1910.

Complaint; from city court of Cartersville—Judge Foute. October 23, 1909.

*T. J. Lyon, G. H. Aubrey,* for plaintiffs in error.
*John T. Norris,* contra.

