Hill, J.
1. A presiding judge lias some discretion in examining a witness on the trial of a case, in order to develop it and to elicit the truth; but it should be exercised so as not to prejudice the case in the eyes of the jury against either side, or to express an opinion on the facts of the case, or to give the examination such direction as to make it argumentative in character. Gills v. Bowman, 132 Ga. 762 (64 S. E. 1096). While some of the questions propounded by the court (such as, “Did you not put the deed in her name to keep your creditors from reaching your property?” and, “Did you not hear Sarah Washington testify on this stand on the trial of this case that she did not know any other reason why you put the name of Sarah J. Washington in the deed, except to avoid paying your debts?” and “Didn’t you owe Mr. Berner five hundred or six hundred dollars when you left Macon, Georgia?” — there being no such evidence delivered on the trial then being conducted, but reference apparently being made to some previous hearing of the case) were so framed as that they might be prejudicial to the witness, who was the defendant in the proceeding to partition land, yet, in view of the fact that a new trial will be granted on other grounds, it need not now be determined whether such examination alone would require the grant of a new trial.
2. The judge’s charge that “If a deed be made by a debtor without an adequate consideration, the deed may be attacked by the creditor, but not by the maker of the deed,” was not adjusted to the evidence. The deed was made, not by the defendant in the partitioning proceedings, but by a person from whom he bought to the defendant and the minor. The issue was not as to whether there was an adequate consideration moving to the defendant, but whether there was any legal consideration at all for having the deed so made, further than to secure an indebtedness to the mother of the minor; nor was there any evidence sufficient to warrant the instruction that a deed of the character mentioned might be attacked by a creditor, but not by the maker of the deed.
3. There was no evidence which authorized the charge that “If you find that the defendant gave this property to the minor or put it in her name to avoid paying debts, then it would be your duty to find for plaintiff.”
4. As the rulings above made necessitate a new trial, and it can not be foreseen what evidence will be introduced on the second trial, no discussion of the sufficiency of the evidence to sustain the verdict will be made.

Judgment reversed.

By five Justices, all concurring.

Equitable petition. Before Judge Charlton. Chatham superior court. June 21, 1915.
W. B. Stubbs and G. N. Alford, for plaintiff in error.
H. G. Dukes and J. P. Dukes, contra.