ROBERTSON *v.* COX *et al.*

ATKINSON, Justice. 1. Distinct and separate claims of or against different persons may not be joined in the same action. Code, § 3-110; *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (2) (48 S. E. 380); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E. 595); *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (2) (58 S. E. 33); *Ansley* v. *Davis,* 140 *Ga.* 615 (79 S. E. 454); *Longino* v. *Bearden,* 177 *Ga.* 353 (2) (170 S. E. 237); *McGowan* v. *Snook,* 175 *Ga.* 430 (165 S. E. 84); *Persons* v. *Dallas,* 178 *Ga.* 778 (3) (174 S. E. 699). But where there is one *common right* to be established by or against several, equity will determine the matter as to all parties in one action. Code, § 37-1007; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97); *Waters* v. *Brownlee,* 136 *Ga.* 182 (71 S. E. 6); *Hines* v. *Wilson,* 164 *Ga.* 888 (4, 5) (139 S. E. 802); *Jackson* v. *Jackson,* 179 *Ga.* 696 (4, 5) (177 S. E. 591); *Swann* v. *Wright,* 180 *Ga.* 323 (179 S. E. 86); *Georgia Power Co.* v. *Rome,* 172 *Ga.* 14 (2) (157 S. E. 283).

(*a*) Where a principal and his surety join in the execution of a bond for faithful discharge of duty by the principal in relation to funds about to be delivered to him as next friend for a minor, and the principal receives the funds, but thereafter conveys his realty to his wife for the purpose and with intent, known to the wife, to avoid payment to the minor, and after breach of his bond judgment is obtained for the amount of money against his estate; and where the surety subsequently conveys his separate realty to his daughter for the purpose and with intent, known to the daughter, to avoid payment to the minor, in a suit against the surety and the widow of the principal and the daughter of the surety, to recover judgment for the amount due under the bond and to subject the properties conveyed by the principal and his surety respectively to payment of the judgments, the widow and daughter are proper parties defendant, and the petition is not subject to demurrer by the latter on the ground of multifariousness or of misjoinder of parties.

(*b*) The "common right" results from the facts of joint liability of the principal and surety on the bond, conveyance by each of his separate realty with intent, known to his grantee, to avoid payment of the debt,

and the interest of each grantee that the property conveyed to the other should be bound for the debt.

2. The petition alleged a cause of action, and the judgment overruling the demurrer interposed by the daughter of the surety was not erroneous.

3. The admission in evidence of the petition, verdict, and judgment in favor of the principal as next friend of his minor son, against a wrong-doer, on the basis of which the bond was given, in order that the principal may recover the money from the depository of the court, was not of such harmful character to the movant for a new trial as to require a reversal.

4. The admission of evidence over objection en bloc is not erroneous where some part of the evidence was admissible. *Fambrough* v. *DeVane*, 141 *Ga.* 794 (3) (82 S. E. 249). In view of the allegations of the petition and the answer, the admission in evidence of the record in a former case, including the judgment therein against the estate of the deceased principal for the amount of the fund, was not erroneous, the objection being to all the evidence en bloc, based on the grounds of irrelevancy and that the objector was not a party to such case.

5. Considering the nature of the transactions, the relation between the surety and his daughter, and all the pleadings and evidence, the verdict for the plaintiff was authorized, and the discretion of the court in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

No. 11547.   JANUARY 15, 1937.   REHEARING DENIED FEBRUARY 13, 1937.

746

J. D. Tindall and J. F. Kemp Jr., for plaintiff in error.
George & John L. Westmoreland, Alexander Bush, and A. E. Wilson, contra.