34221. A. K. ADAMS & COMPANY INC. *v.* HOMEYER.

DECIDED OCTOBER 8, 1952—REHEARING DENIED DECEMBER 2, 1952.

*Wm. P. Whelchel,* for plaintiff in error.

*Telford, Wayne & Smith, Bryan, Carter & Ansley, Johnson & Johnson,* contra.

CARLISLE, J. ■ In special ground 2, error is assigned upon the court's exclusion, on its own motion, of the following testimony of Dewey Standridge, a witness for the Adams Company: "The man I talked with up there that morning that came up and was inquiring about the truck there said his name was Clements and that he was driving for Akers Freight Line, and this man told me that it was raining so hard and was so muddy that he didn't know what he hit. . . He said he was the driver that hit the truck and that he wanted to know what the damage was to the Adams truck. . . He wanted to know whose truck it was and who was driving and what damage was done and said it was raining so hard and so much mud on the road, he didn't know what he met."

It appears from the record in this case that on the trial the evidence was in sharp conflict on the question of whose negligence had occasioned the collision between the Akers truck, driven by Clements, and the Adams truck, driven by Harmon, following which the Adams truck ran into the plaintiff's filling station and caused the damage sued for. Each of the drivers testified that at the time of the collision the truck of the other was on the wrong side of the road. It appears from other portions of the witness's testimony, which were not excluded, that

he arrived at the scene about fifteen or twenty minutes after the collision had occurred. Counsel for the Adams Company contends that the evidence was admissible as a part of the res gestae.

The question of whether a given declaration is a part of the res gestae is for the determination of the court and within its sound discretion (*Southern Railway Co.* v. *Brown*, 126 *Ga.* 1 (3), 54 S. E. 911); and, in view of the time element involved—Clements is said to have made the statement to the witness Standridge, who did not arrive at the scene until some fifteen or twenty minutes after the collision—we cannot say as a matter of law that the trial court abused its discretion in excluding the testimony as to the declaration said to have been made by Clements. *Allgood* v. *Dalton Brick & Tile Corp.*, 81 *Ga. App.* 189, 191 (2) (58 S. E. 2d, 522).

■ In special ground 1, the defendant Adams Company complains of the trial court's denial of the following motion for a mistrial: "I now move this court to declare a mistrial because the trial court in questioning and cross-examining the witness Dewey Standridge, witness for A. K. Adams & Company, defendant, which examination by the court tended to discredit said witness in the eyes of the jury and was highly prejudicial and improper." It does not appear in the motion made for the mistrial how it was contended that the court had discredited the witness Standridge other than by questioning and cross-examining him. In the motion for a new trial, it does appear for the first time that the alleged basis for the motion for a mistrial was that the court, by the manner of its examination of the witness, intimated or insinuated that Standridge was not worthy of belief, which constituted an expression of an opinion by the court. Under this state of the record the only assignment of error to be considered by this court is that made at the time of the motion for a mistrial. It does not appear from that motion by what means the defendant contended the court had discredited its witness, and the questioning and cross-examining of the witness by the court were not in themselves erroneous, since to question and cross-examine any witness in the trial of a case is one of the court's prerogatives which it may exercise in its discretion in developing the truth of an issue. *Gillis* v. *Bowman*, 132 *Ga.* 762 (64 S. E. 1096); *Bowden* v. *Achor*, 95 *Ga.* 243 (22 S. E. 254); *Harris* v.

*State*, 61 *Ga.* 359; *Epps*.v. *State*, 19 *Ga.* 102; *Gordon* v. *Irvine*, 105 *Ga.* 144 (31 S. E. 151). And no other more specific assignment of error having been made at the time of the motion for mistrial, the trial court did not err in overruling this ground of the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

ON MOTION FOR REHEARING.

CARLISLE, J. Counsel for the defendant A. K. Adams & Company Inc., in their motion for a new trial state: "The court certainly must have misunderstood, overlooked, and misapplied the facts and law as raised by the amended motion for a new trial, bill of exceptions and argument and law urged by movant. Nowhere in the record was the question of the admissibility of the evidence by Standridge raised on the theory of *res gestae.*" In view of that statement, and in spite of the contention on page 6 of their original brief, that the evidence "was admissible as a part of the res gestae if for no other reason," it would seem that we have not made it entirely clear by what process of reasoning we placed our decision on that ground. Briefly, the steps of the process were these. "The declarations of the agent as to the business transacted by him shall not be admissible against his principal, unless they were a part of the negotiation, and constituting the res gestae, or else the agent is dead." Code, § 4-315. And an admission of a past wrongful act by a servant or employee, while evidence against the servant or employee, may not be used to charge the master or employer. *Baker* v. *Lowe Electric Co.,* 47 *Ga. App.* 259 (170 S. E. 337), and citations. Clements is not a party defendant in this suit. To allow the introduction of his extra-judicial statement in evidence for the purpose of charging his employer, Akers Freight Lines, with the plaintiff's damage, Clements' statement must have been made as a part of the *res gestae.* We have already held, and we adhere to the ruling, that, in view of the time element involved, Clements' statement was inadmissible as a part of the *res gestae.* Therefore, to theorize upon the admissibility of the statement on the ground that he had or had not been identified as the person making the statement, is but to belabor a dead issue. Whether he was or was not identified, his admission was

not admissible in evidence against his principal unless made as a part of the *res gestae*. It was not.

*Motion for rehearing denied. Gardner, P. J., and Townsend, J., concur.*