35806. WILSON *v.* GARRETT.

DECIDED OCTOBER 19, 1955.

*Arnold & Gambrell, Brantley Edwards, O. W. Roberts, Jr., John E. Dougherty,* for plaintiff in error.

*Boykin & Boykin, Shirley C. Boykin, Earl Staples,* contra.

FELTON, C. J. 1. The court erred in admitting testimony of the plaintiff on cross-examination to the effect that he had been injured in February, 1954, while employed by Goodyear Cotton Mills in Cedartown and had received an unstated sum as compensation as a result of a trial before the State Board of Workmen's Compensation (ground four of the amended motion). The ground of objection was that the testimony dealt with another court and another proceeding and could have no bearing on this case; that the rules of award were different; and that it was prejudicial to introduce it in this case. No objection was made to testimony as to the previous injury. That the plaintiff had

tried a case before the compensation board and had been awarded compensation was entirely irrelevant in this case. Neither the parties were the same nor the rules as to the amount of compensation, and the evidence may have been entirely different. The fact that the plaintiff had received compensation for a prior injury had no probative value on the issues of this case as to whether the defendant's negligence injured the plaintiff or aggravated the previous injury. The same ruling applies to similar testimony complained of in ground 5 in which the plaintiff testified that he signed an agreement that his employer would pay $750 for medical and doctor's bills.

2. The court erred in not permitting a witness for the plaintiff to testify that the driver of the automobile in which the plaintiff was riding stopped the automobile "gradually." "Gradually," according to common usage, is the antonym of "suddenly," and this court has recently held that an allegation that a vehicle stopped "suddenly" was not a conclusion of the pleader, and that hardly a better description of a sudden stop could be employed than the word "sudden" itself. The same truth applies to the use of the word "gradual" in describing a stop that is not sudden. The fact that the same witness testified that the driver of the automobile did not stop suddenly and that two other witnesses testified that the automobile stopped gradually does not cure the court's error.

3. Ground 7 of the amended motion complains of the following charge: "If, upon consideration of the evidence in this case, you find there is a conflict in the testimony between the witnesses or a conflict between witness or witnesses and the documentary evidence, it is your duty to reconcile this conflict, if you can, without imputing perjury to any witness, and if you cannot do this, it then becomes your duty to believe the witness or those witnesses you may think best entitled to belief." The complaint is that there was documentary evidence in the case and that the court thus told the jury that they should give preference to the oral testimony over documentary evidence. Since this ground does not show what the documentary evidence consisted of this court cannot ascertain whether the charge was harmful to the plaintiff. The ground is incomplete and presents no question for decision.

4. Ground 8 of the amended motion complains of the following charge: "Now, I charge you, gentlemen of the jury, that if a valid statute of the State of Georgia was being violated by the defendant at the time and in the manner described in the petition, you will find that the defendant was guilty of negligence as a matter of law, and if you find that such violation was the proximate cause of the collision and the injuries to the plaintiff, then the plaintiff would be entitled to a verdict for damages in this case unless barred of recovery by some other rule of law now being given you in charge." This charge was error for the reason that the plaintiff did not allege in his petition the violation of a State statute, nor was there any evidence of such a violation. *Smith* v. *Payne*, 85 *Ga. App.* 693, 699 (70 S. E. 2d 163).

5. Ground 9 complains of the following charge: "The standard of ordinary diligence is variable; what could amount to that degree of diligence in each particular case under all the circumstances is a question of fact for the jury." The court erred in charging that the standard of ordinary diligence is variable. The standard of ordinary diligence is invariable. *Central R. & Bkg. Co.* v. *Ryles*, 84 Ga. 420 (11 S. E. 499); Code § 105-201. The same ruling applies to the charge complained of in ground 10, the charge being: "What is the precise legal term 'ordinary care' must in the nature of the case depend upon the circumstances of each individual case."

6. The errors complained of in grounds 11, 12 and 13 will not likely occur on another trial, and it is unnecessary to determine whether they were harmful errors in this case.

7. Ground 14 complains of the following charge: "It is the duty of the defendant to exercise ordinary care, and the same duty involves upon the plaintiff to exercise ordinary care for his own protection, and any failure on his part, that is, the plaintiff, to exercise proper care for his own protection, would bar a recovery unless entitled to recovery under some other instructions and other law relating to the degree of care of the plaintiff and the defendant." This charge was error for the reason that there was no evidence that the plaintiff was negligent. Whether the charge is otherwise erroneous need not be decided.

8. As the case must be tried again the complaints on the

failure of the court to give certain requested charges, allegedly not covered fully by the general charge, in grounds 15, 16, 17, 18, 19 and 20, will not be passed on.

The court erred in overruling the motion for a new trial as amended because of the errors shown in divisions 1, 2, 4, 5 and 7 of the opinion.

*Judgment reversed. Quillian and Nichols, JJ., concur.*