36259. TUDOR *et al. v.* BODEKER.

Decided July 12, 1956.

192

*Fulcher, Fulcher & Hagler,* for plaintiff in error.

*Hull, Willingham, Towill & Norman,* contra.

GARDNER, P. J. 1. Since the case is to be reversed on special grounds, we will not discuss the general grounds, inasmuch as the evidence might be different should the case be tried again.

2. Special ground 1 assigns error because of the following excerpt from the charge of the court: "I charge you that the standard of ordinary care and diligence is variable. What would amount to that degree of diligence in each particular case and under all the circumstances is a question for the jury to determine. The care of a prudent person might vary according to the circumstances and depending upon the degree of danger."

Special ground 2 complains of the following excerpt from the charge of the court: "What is the precise legal intent of the term 'ordinary care' must depend upon the circumstances of each indi-

vidual case. It is a relative and not an absolute term. The degree of care and foresight which it is necessary to use in any given case must always be in proportion to the probability or improbability, the nature and the magnitude of the injury that would likely result from the occurrence which is to be anticipated and guarded against."

In *Wilson* v. *Garrett*, 92 *Ga. App.* 820, 823 (90 S. E. 2d 74), this court had practically the same phraseology involved. In that case this court said: " '*The standard of ordinary diligence is variable;* what could amount to that degree of diligence in each particular case under all the circumstances is a question of fact for the jury.' The court erred in charging that the standard of ordinary diligence is variable. The standard of ordinary diligence is invariable. *Central R. & Bkg. Co.* v. *Ryles*, 84 *Ga.* 420 (11 S. E. 499); Code § 105-201. The same ruling applies to the charge complained of in ground 10, the charge being: '*What is the precise legal term "ordinary care" must in the nature of the case depend upon the circumstances of each individual case.*' " (Italics ours). It will be noted that this court said plainly and unequivocally that the trial court erred in charging that the standard of ordinary diligence is variable and that the trial court erred in charging "what is the precise legal term 'ordinary care' must in the nature of the case depend upon the circumstances of each individual case." That is the exact language charged in the case at bar. These two grounds show reversible error.

3. Special grounds 3 and 4 assign error on the charge of the court to the effect that if the plaintiff was guilty of the violation of a municipal ordinance and such violation was the proximate cause of the plaintiff's injury, then such violation would be negligence per se in and of itself. These excerpts, although inept in and of themselves, in view of the full charge of the court, do not show error sufficient to cause reversal.

4. Special grounds 5, 6, 7, 8, 9 and 10 assign error on excerpts from the charge of the court regarding impeachment of witnesses. When we consider the charge as a whole we find no reversible error in these special grounds.

The trial court erred in denying the amended motion for new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*