## 36445. WILSON v. THE STATE.

CARLISLE, J. 1. Where, upon the trial of one charged with the simple larceny of a "Ford farm tractor, motor number 8N518458," of a specified value and the property of a named person, it appears from the evidence that the defendant was found in possession of a Ford farm tractor on which it appeared to experts that the serial number of the motor had been altered so as to bear the number 88M878488, but that upon "raising" the original manufacturer's motor number, it was shown to be the number specified in the indictment (8N518458), the jury is authorized from such evidence to find the defendant guilty of the larceny of the tractor described in the indictment, notwithstanding the fact that the recorded bill of sale to the alleged owner designated the number as 8N518468, where it further appears from the testimony of one of the partners who sold the tractor to the alleged owner that the partnership had never had a Ford farm tractor bearing the number 8N518468, as shown by its bill of sale, but had had a tractor bearing the number 8N518458, which it had sold to the alleged owner and that the number shown in the partnership's bill of sale was a typographical error.

2. Where, on such a trial as indicated in the foregoing division of this opinion, the trial court, during the cross-examination of a witness for the State, propounded certain questions as to such witness's ability to identify the tractor described in the indictment and the court, in propounding the questions, intimated no opinion as to the creditability of the witness or the guilt of the defendant, there was no error in the trial court's questioning the witness. It is within the discretion of the trial court to question witnesses in order to ascertain the truth of the issue at hand so long as the manner in which the questions are propounded does not intimate or express any opinion concerning the issue. *Hillock* v. *State*, 74 *Ga. App.* 118 (39 S. E. 2d 69); *Caswell* v. *State*, 5 *Ga. App.* 483 (63 S. E. 566).

3. Consequent upon the rulings in the foregoing divisions of this opinion the trial court did not err in denying the motion for new trial based on the usual general grounds and one special ground.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 19, 1956—REHEARING DENIED DECEMBER 4, 1956.

*Joe W. Rowland*, for plaintiff in error.
*W. H. Lanier, Solicitor-General*, contra.