38521.   BENTLEY v. AYERS.

DECIDED NOVEMBER 21, 1960.

*Murphy & Murphy, Thomas B. Murphy,* for plaintiff in error.
*Howe & Murphy, D. B. Howe,* contra.

FELTON, Chief Judge. ■ Ground 1 complains that the plaintiff's wife on cross-examination testified that some hospitalization insurance had been collected as a result of her injuries; that this evidence offered by the defendant was objected to by the plaintiff. The court deferred ruling on the objection stating that at the proper time it would give further instructions to the jury. After two witnesses had given testimony and the third subsequent witness was testifying, the court said: "I believe there is one ruling which I have not made, and that is with reference to the hospitalization insurance collected by these parties which has been testified to. Part of that was admitted and part of it was ruled out. I am ruling now with reference to all the questions of insurance that all of it is ruled out. So the jury will not consider any question of whether any insurance was paid on the hospital bills which are the subject matter of this suit." The plaintiff contends that even though the testimony concerning insurance was withdrawn from the jury, the length of time that it stood before the judge instructed the jury was prejudicial, and he cites the case of *Wilson v. Garrett*, 92 Ga. App. 820 (90 S. E. 2d 74). We cannot agree that the case cited has an effect on the instant case. In the *Wilson* case the court never instructed the jury to disregard the testimony. We cannot see how a matter of minutes or even hours would create any greater prejudice in the minds of the jury than the impression that they must have instantly gotten at the time the testimony was given, especially when reviewing the intervening testimony. The court did in fact rule in favor of the plaintiff's motion. The only way in which plaintiff could have taken advantage of the court's ruling would have been by a motion for a mistrial, and none was made.

■ In grounds 2 and 6 the plaintiff assigns error on the failure of the court to exclude on motion the defendant's Exhibits A and B. These exhibits were copies of the petitions in suits for damages brought by the plaintiff and his wife as the result of injuries sustained by her in an automobile accident in a prior

year. The facts and the claims embodied in these petitions were quite similar to those in the instant case. In fact the back injury sustained by the plaintiff's wife was the basis for both suits. The plaintiff contends that the petitions had no relevancy in the instant case and that the court erred in admitting them as evidence. We cannot agree. Where declarations in a previous petition were material and competent on the issues involved in later pleadings the court may admit the same as evidence for the purpose of illustrating the credibility of the witnesses in the subsequent case. *Terrell v. Terrell,* 144 Ga. 32 (85 S. E. 1005). The admissions contained in the pleadings of one party, made and filed by him in another case, are admissible in evidence against him when pertinent to a question involved in the case on trial. *Central of Georgia Ry. Co. v. Goens,* 30 Ga. App. 770 (119 S. E. 669).

■ Special ground 3 assigns as error the testimony of the defendant as follows: "I don't know of anything I could have done to avoid the collision." The plaintiff contends that this testimony was a conclusion and should have, upon his motion, been stricken from the evidence. In reviewing the record we find that the defendant testified in detail concerning the events leading up to the collision prior to giving the quoted testimony. If we view the quoted statement of the defendant as a conclusion then we must agree that the weight of authority would dictate that the remark be adjudged inadmissible for it is well established that it is within the province of the jury to reach conclusions based on the evidence. It must be remembered that the testimony given was in detail and amounted to a sufficient foundation upon which the defendant could base an opinion. Distinction must be made between a statement that "I don't know of anything I could have done," and a statement that "I did everything possible." In the latter instance the conclusion would be made by the witness and thus would amount to an invasion of the province of the jury as to the ultimate issue to be decided. However, in the former instance we construe the statement to mean that insofar as the witness knew, his opinion was that there was nothing else he could have done. Such opinion, as stated, was based upon facts concerning which he testified. Thus,

in giving this testimony the witness did not infringe upon the jury's right to conclude as it saw fit.

■ Special ground 4 complains that the court erred in charging the jury on comparative negligence. The plaintiff contends that the defendant did not plead comparative negligence and that there was no evidence upon which the court could base this charge. Even though comparative negligence was not an issue raised in the pleadings there was sufficient testimony to show that the plaintiff's negligence could have contributed to the accident and the trial judge did not err in charging, as he did, the correct principle of law on comparative negligence. *Walker v. Southeastern Stages*, 68 Ga. App. 320 (4) (22 S. E. 2d 742), and cases cited; *Baggett v. Jackson*, 79 Ga. App. 460 (3) (54 S. E. 2d 146), and cases cited.

■ Ground 5 complains of the failure of the court to allow a Georgia State patrolman investigating the accident to testify that the defendant was under the influence of alcohol when he first saw him approximately one and a half hours after the collision. There is no testimony offered to show that the defendant had been drinking prior to the accident, during the accident or in the intervening hour and a half. Although we have been cited no authority on this issue, and while we find the cases in other jurisdictions conflicting, we feel that the better rule is that such testimony would be incompetent and prejudicial due to the extent of the intervening time. Tipton v. Estill Ice Co., 279 Ky. 793 (132 S. W. 2d 347). In a ruling on such a matter the trial judge must exercise his broad discretion. Not only is the length of time between the accident and evidence of intoxication an important factor but all other testimony relevant to such an issue, such as testimony that prior to the accident the defendant seemed to exercise a lack of control of his vehicle or that he had been seen drinking prior to the accident, and other such relevant testimony as would guide the trial judge in rendering his decision. We find no such additional evidence in the instant case. Therefore the court did not err in excluding the testimony.

■ The verdict was supported by the evidence.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols and Bell, JJ., concur.*