40340. FREEDMAN et al. v. HOUSING AUTHORITY
OF THE CITY OF ATLANTA.

Decided October 3, 1963.

Barrett & Hayes, Mose S. Hayes, for plaintiffs in error.

King & Spalding, R. Byron Attridge, contra.

RUSSELL, Judge. ■ To the question, "What, in your opinion . . . would you feel that a prudent person would pay for this particular property?" the court ruled, in response to the objection that the question called for a conclusion, "I think he was referring to factors which would influence an ordinarily prudent person, and I'll let it be considered upon that basis and on that basis only, not as being applicable to a particular individual but [what] one in the market would consider as factors involved in the purchase of the property," which ruling is also objected to as being an intimation on the part of the court as to what had been proved by the evidence, in contravention of *Code* § 81-1104. The latter objection is exceedingly tenuous; in any event, it was incumbent on the movant, if he felt the reason given by the court for allowing the answer was in fact an expression of opinion, to object at the time or move for a mistrial. *Shepherd v. State,* 203 Ga. 635 (2) (47 SE2d 860). The question itself was perfectly proper, even though calling for a conclusion, because the witness had already qualified as an expert. *Crump v. Knox,* 18 Ga. App. 437 (3) (89 SE 586). In such an event the remedy of the opposing party is, by cross examination, to elicit other facts showing the jury that the opinion of the witness by reason of lack of knowledge or for some other reason is not entitled to weight or credit. *State Hwy. Dept. v. Wells,* 102 Ga. App. 152 (2) (115 SE2d 585).

2. The second special ground of the motion for new trial contends that an allegation that the property is being condemned for a public purpose is not supported by evidence that the purpose of the condemning authority was to acquire substantially all of a slum area for the purpose of clearing and rezoning it and thereafter reselling it to individual enterprises who would improve the property and devote it to uses of higher class.

Following the decision in *Housing Authority of the City of Atlanta v. Johnson,* 209 Ga. 560, 563 (74 SE2d 891), wherein the court stated that no Georgia case authorized the power of eminent

domain "to be used in order to acquire private property for the purpose of being sold to another private person for his own private use" Article XVI (*Code Ann.* § 2-8501) of the Constitution of Georgia was proposed and ratified, and specifically provided that areas taken for slum clearance and redevelopment work might be disposed of by sale to private enterprise. The Urban Redevelopment Act (Ga. L. 1955, p. 354) implementing this provision, and by virtue of which the condemnor is proceeding here, was upheld against constitutional attack in *Bailey v. Housing Authority of City of Bainbridge*, 214 Ga. 790 (107 SE2d 812); *Allen v. City Council of Augusta*, 215 Ga 778 (113 SE2d 621). Since the testimony objected to supports one of the provisions under which the condemnor is specifically authorized to take land for public purposes as there defined, the court's charge on this subject was not subject to the objection urged. For the same reason, the instruction assigned as error in the third special ground, that the jury was not concerned with whether or not the condemnor intended to resell the property, was also proper.

■ In his instructions to the jury as to what they may consider in determining the preponderance of the evidence, the court charged substantially in the language of *Code* § 38-107 but added that the jury might consider the bias or prejudice of the witnesses if any appear, the objection to which language is on the ground that it was misleading and that it suggested to the jury that they would have a right to consider bias and prejudice on the part of a witness. "The feeling or bias of a witness as to the subject-matter of controversy, or as to any party involved in the litigation, is always the legitimate subject-matter of inquiry, because it may affect the credibility of such witness before the jury." *Walker v. City of Rome*, 6 Ga. App. 59 (64 SE 310). An instruction that the jury might consider certain factors in the case "as calculated to bias; whether it biased in this case" was held not prejudicial in *Central of Georgia R. Co. v. Bernstein*, 113 Ga. 175 (6) (38 SE 394). The bias and prejudice of a witness may be found by the jury to affect his credibility, which in turn determines the weight they will give to the testimony of any particular witness when the jury are in the process of determining where the preponderance of the evidence lies. Interest

in the outcome of the case may stem from prejudice as well as from friendship, animosity, or personal gain. Since the jury does have a right to consider these factors the instruction was not subject to the objection urged.

■ Special ground 5 is controlled by our ruling in *Dowis v. McCurdy*, 108 Ga. App., post.

■ Testimony was admitted without objection as to the sum paid by the condemnee for the property in question approximately five years prior to the condemnor's exercise of the right of eminent domain, and on cross examination a number of facts were elicited tending to show that the price at that time had been less than the true value of the property because of the particular urgency with which the seller felt it necessary to dispose of the property. The court charged the jury that what the owner paid for the property is a circumstance to be considered along with all the other evidence in the case in determining the fair market value of the property condemned, and error is assigned on this instruction. The question of whether the testimony was inadmissible because too remote in point of time is not before us and we make no decision on it, except to observe that the rule as to the length of time of a sale prior to institution of condemnation proceedings which will render evidence of the purchase price inadmissible because too remote in point of time to have any probative value is not before us; there appears to be no authoritative finding on this issue in Georgia and the case of *Gate City Terminal Co. v. Thrower*, 136 Ga. 456 (71 SE 903) sheds little light because there the sale was made pending the proceedings. That courts have divided on the issue in widely divergent periods of time, see 55 ALR2d, Anno., p. 800, et seq. Sales consummated within five years or under are frequently held admissible; in other cases the matter is relegated to the discretion of the trial court under the particular facts. Here, however, the evidence was properly before the jury, no objection to it having been put forth. "A ruling upon the admissibility of testimony may, of course, be reviewed by a motion for a new trial, but the admissibility or incompetency of testimony, to which no objection was interposed at the time it was introduced, can not be tested for the first time by an exception to a charge of the court which

is abstractly correct and would generally be unexceptionable, merely because some of the evidence in the case might have been subject to be excluded if proper timely objection had been urged thereto. Exceptions to the charge of the court can not be used as a substitute for timely objections to the introduction of testimony." *Eaves v. Field & Son,* 8 Ga. App. 69 (68 SE 556). Under the evidence in this case there was no error in the instructions given.

■ Special grounds 7 and 8 are but amplifications of the general grounds. As to these the plaintiff in error in insisting that the verdict in the amount rendered is wholly inadequate addresses himself to the discretion of the trial judge rather than to the appellate powers of this court, since the rule we must follow is that a value finding in a condemnation case will not be set aside as inadequate or excessive where it is within the range of the evidence. *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (4) (127 SE2d 501). The verdict here was for $39,000; the jury was thoroughly appraised of the location, condition, age and possible as well as actual uses of the property prior to condemnation; opinion testimony as to value supplied by two witnesses for the condemnor and two for the condemnee ranged from $37,500 to $56,000. The evidence would have warranted a finding of any amount between these sums, and that fixed by the verdict is within the possible range.

There was no error in overruling the motion for a new trial. *Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*