## 41720. MASSEY v. STEPHENS.

JORDAN, Judge. This was a suit to recover a judgment for damages allegedly sustained by the plaintiff when his pickup truck was struck from the rear by a "family-purpose car" operated by the defendant's stepdaughter. The jury returned a verdict for the plaintiff in the amount of $1,350; and the plaintiff being dissatisfied with such verdict, appealed to this court from the judgment entered thereon, enumerating as error, (1) the trial court's refusal to allow the investigat-

ing police officer to testify as to his opinion of the speed of the defendant's vehicle, and (2) the court's charge on the doctrine of comparative negligence. *Held:*

1. The uncontradicted evidence adduced on the trial of this case disclosed that the plaintiff had come to a complete stop in a line of traffic at an intersection in obedience to a traffic light and that after his vehicle had been at rest for approximately 20 seconds, it was struck in the rear by the defendant's automobile. While the defendant had alleged in his answer to the petition that the sole proximate cause of the collision was the act of the plaintiff in bringing his vehicle to a sudden and abrupt stop without warning, signal or notice of any kind, no evidence whatsoever was introduced in support of this contention, nor was there any evidence adduced on the trial of this case which would have authorized a finding that the plaintiff was negligent in any manner in bringing his vehicle to a stop.

Since it is error to charge on the doctrine of comparative negligence when there is no evidence of such negligence even though the issue of same may have been raised in the defendant's pleadings (*Beadles v. Bowen,* 106 Ga. App. 34, 36 (126 SE2d 254), and cases therein cited), the instruction complained of here was erroneous; and since the verdict rendered by the jury was for an amount less than that sued for, such error was presumptively harmful to the plaintiff and requires the grant of a new trial. *Gleason v. Rhodes Center Pharmacy,* 94 Ga. App. 439 (1) (95 SE2d 293).

2. The investigating police officer should have been allowed to testify as to his opinion of the speed of the defendant's vehicle at the time of impact based upon the data observed by him after the collision with respect to the damage to the vehicles and debris resulting from the collision. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855 (4) (126 SE2d 264). Since this case is being reversed on other grounds, it is unnecessary to determine if this error was harmful to the plaintiff.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

Submitted January 11, 1966—Decided January 19, 1966.

*L. B. Kent,* for appellant.

*Hatcher, Stubbs, Land & Rothschild, J. Rudolph Jones,* for appellee.