## 42678. SKAGGS v. CLARKE COUNTY MOTORS, INC.

BELL, Presiding Judge. L. D. Skaggs brought this suit against Clarke County Motors, Inc., to recover for injuries sustained when an automobile operated by defendant's agent Richard Higginbottam struck plaintiff's person. The evidence on trial of the case showed that plaintiff, a pedestrian, was crossing Lumpkin Street from the southwest corner of the intersection of Lumpkin and Clayton Streets in Athens, Georgia, moving in a marked crosswalk and facing a green traffic light. Lumpkin Street was marked one-way for three lanes of northbound traffic, and cars were standing at the cross-walk, facing a red light, in each of the three lanes. Defendant's car was standing at the crosswalk in the right-hand lane. While plaintiff was crossing from left to right, the signal lights changed, exhibiting a green light to the waiting vehicles. Higginbottam then accelerated defendant's car to enter the inter-

section. As plaintiff was stepping from in front of the car standing in the center lane, he was looking straight ahead toward the curb, but glimpsed the movement of defendant's car from the corner of his eye. Plaintiff instinctively raised his right arm to protect himself, and defendant's car struck him. Trial resulted in a verdict and judgment for defendant. On appeal plaintiff contends that the court was not authorized to charge the jury on the issue of plaintiff's negligence. *Held:*

Some of plaintiff's testimony is subject to the construction that plaintiff was not aware of the movement of defendant's car until too late to escape the danger. However, on cross examination plaintiff testified that he might have been "in front of the extreme right-hand portion" of the car standing in the center traffic lane when he glimpsed the movement of defendant's car in the right-hand lane. If so, he would have taken one or more additional steps, after sensing the oncoming vehicle, before placing himself in its path. This evidence would have authorized a finding that plaintiff's negligence contributed to his injury or that he could have avoided the consequences of defendant's negligence. Under these circumstances it was not error to charge the jury on the issue of plaintiff's negligence although that issue was not raised in the pleadings. *Walker v. Southeastern Stages,* 68 Ga. App. 320, 324 (22 SE2d 742); *Bentley v. Ayers,* 102 Ga. App. 733, 736 (117 SE2d 633).

*Judgment affirmed. Jordan and Pannell, JJ., concur.*

SUBMITTED APRIL 4, 1967—DECIDED APRIL 13, 1967—
REHEARING DENIED APRIL 27, 1967.

*Hudson & Stula, Jim Hudson,* for appellant.
*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellee.