44951. BARTOW COUNTY SCHOOL DISTRICT v. WEAVER et al.

Submitted January 5, 1970—Decided April 10, 1970—
Rehearing denied May 8, 1970.

*William A. Ingram,* for appellant.

*J. R. Cullens,* for appellees.

QUILLIAN, Judge. ■ Enumerations of error 1 and 2 contend that the evidence was insufficient to support the verdict. With this contention we cannot agree.

The bus driver testified in part that: he saw the Studebaker driven by the deceased coming around the curve on his side of the road and that it remained on his side of the road until just before the collision when she cut back in an effort to get back on her side of the road; that a portion of the bus and wheels may have been about the center line because there was only nine feet and one half-inch between the center line and bannister of the bridge; he could not go any further over because of the concrete bannister; when he got to the bridge he was driving at approximately 40 miles per hour; on cross examination he testified that: he thought he was on his side of the road when the collision occurred but he could not tell how far over the center line his wheel was, whether it was three inches or six inches or if it was even over the line; he put his foot on the brake but could not say whether he applied it.

Two other witnesses testified they had seen the the deceased driving immediately prior to the collision. One stated that she was driving with two wheels off the paved portion of the road. The other testified that she observed the deceased driving back and forth across the road.

Georgia State Patrol Trooper D. A. Bray, a witness for the plaintiffs, testified in part that: he investigated the collision; in his opinion the point of impact of the collision was 2½ feet from the center line; the left front of the bus struck the left front of the automobile.

Trooper C. T. Smith testified that at the time of the collision the automobile was entirely in the south lane and the bus was partly in the south lane and partly in the north lane.

Ralph W. Roley, an expert witness testified that: he examined plaintiffs' exhibits consisting of 20 photographs and the scene of the collision; based on his examination of the photographs in his opinion, at the instant of impact, the left front of the bus struck the left front of the automobile; if the driver of the bus had promptly reacted to the situation by applying the brakes, the intensity of the collision would have been reduced.

The evidence was sufficient to support the verdict, and the overruling of the motion for judgment n.o.v. and the general grounds of the motion for new trial were not error.

■ The defendant also assigns error on the admission of Ralph W. Roley's opinion testimony on the ground that he was not properly qualified as an expert. As to his qualifications, Roley testified: He has a B. S. degree in mining and engineering with an option in safety from the University of Missouri, he has a professional degree in general safety, he did special studies in his field at the University of Illinois, his field is accident reconstruction, he taught civil engineering 6 years at Southern Tech division of Georgia Tech in the field of highway construction, design, and safety; he has published 64 articles in general engineering including 15 in the safety field; he now works almost exclusively in the area of accident reconstruction and safety; he is familiar with the professional literature in the field of accident reconstruction; the procedures he uses in making accident reconstruction studies are standard procedures recognized throughout the profession; his findings resulting from his studies are similar to those of the recognized authorities in the profession; he studied 5,700 accidents from 1962 to 1967; he makes studies of 1,200 accidents per year; he makes accident recon-

struction studies for government agencies, taxi and trucking companies, and plaintiffs' attorneys.

Allowing the witness Roley to testify as an expert in the reconstruction of the collision was not error. See *Southern R. Co. v. Cabe,* 109 Ga. App. 432, 441 (136 SE2d 438), and *Carter v. Marble Products, Inc.,* 179 Ga. 122, 124 (175 SE 480).

■ Grounds 5, 6 and 7 of the amended motion for a new trial (included in the third enumeration of error) except to the testimony of Mr. Roley in response to hypothetical questions propounded by plaintiffs' counsel. However, counsel for the defendant cross examined the witness as to the same subject matters and thereby waived the objections. *General Gas Corp. v. Whitner,* 110 Ga. App. 878, 879 (140 SE2d 227); *Rabun v. Wynn,* 209 Ga. 80, 83 (70 SE2d 745).

■ Enumerations of error 5 and 6 complain that the trial judge erred in charging the jury that the doctrine of sudden emergency applied to Mrs. Weaver as well as the bus driver. Under the evidence as to the circumstances of this case the charge was not error.

5. The remaining enumeration of error states that the judge should not have instructed the jury as to the comparative negligence doctrine. In view of the conflict of evidence in regard to the negligence of both drivers the charge was not error. *Smith v. American Oil Co.,* 77 Ga. App. 463 (49 SE2d 90).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*