## 47667. MASSEE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

CLARK, Judge. In this appeal by a plaintiff motorist who sued the other two automobile drivers for her personal injuries arising out of a three-car collision with State

Farm Mutual Auto. Insurance Company defending by virtue of both defendants being uninsured, three of the assignments of error revolve around the investigating officer's testimony. The only other enumeration presents the propriety of the trial judge having included in his charge the principles of comparative negligence and contributory negligence in the absence of averments in the pleadings alleging acts of negligence on plaintiff's part warranting such presentation for jury consideration as well as a contention that the evidence did not justify such charge.

1. The evidentiary questions revolve around the state highway patrolman who investigated the accident. His qualifications included 7 1/2 years experience handling such investigations with the DeKalb County Police Department and as a state trooper. He testified as to his personal observations of the positions of the three automobiles and other physical facts and that he had himself written the official accident report. The first assignment of error contends the witness should not have been permitted to testify over objection from the written document as a refreshing of recollection "when the witness had no independent recollection without the report and where no proper foundation had been laid to permit the witness to swear positively from the paper." This contention arises from the answers given by the officer during counsel's expert cross examination as to whether certain matters to which he testified were from memory or from the report. On one occasion he answered: "The only thing I have to go on as far as memory is concerned is from my report, as far as actually getting it down on my own, I can't do it." On another occasion when asked whether he was telling what was in the report or what he remembered, he responded: "I am telling you what is in the report after I studied it . . . " After reading all of the officer's testimony, we hold the trial court did not err in

denying the motion to strike all his testimony. For example the officer testified on direct and cross examination that he remembered certain particulars about which he testified quite independently of the report. As to other particulars he obviously made reference to his report. "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed . . ." Code § 38-1707. A person might by such refreshment progress from no recollection to a completely independent recollection, or to some point in between. The state of one's memory is highly subjective, even to one's self. "It is often difficult to draw the line between refreshing memory from written aids, and testifying to the contents of a written instrument; because when a witness testifies that by referring to a written instrument he recollects a fact, he is indirectly testifying that the fact is contained in such instrument; else how was his recollection refreshed by referring to it?" *Albany Phosphate Co. v. Hugger Bros.,* 4 Ga. App. 771, 782 (62 SE 533).

"It has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. [Cits.]" *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784).

We make one further observation. All the physical particulars of the accident testified to by the officer (such as the location of the collision, the direction in which the cars have been headed, the driver of each, the location of damage on the vehicles and the position of the vehicles after the collision) were not at variance with the testimony of either the plaintiff or the two defendants. Thus, even if there might be any question as to whether the officer testified to these particulars from refreshed recollection or original remembrance

based on personal observation of these details, error, if any, was harmless.

2. After sufficient qualification of the officer's investigative experience, defense counsel sought through a hypothetical question to establish the sequence of events and to reconstruct the details of the collisions between the three cars. After detailing the facts constituting the essential basis for any opinion the officer was asked "Could you give any opinion as to how they arrived at the positions that you found them in?" (T. 105) When the opinion was given plaintiff's counsel objected and the following then transpired: The court questioned the witness: "Did you testify from the experience you had gained and the knowledge you have gained as an expert in traffic matters?" The witness responded "Yes, sir." (T. 107) Thereupon plaintiff objected "to both of the questions and both of the answers for this reason, there's insufficient evidence for a patrolman, whether his knowledge and experience is from day one until the end of time, to give an opinion as to how the collision occurred, if your honor please, this is the gist of the action and to permit this patrolman to testify that he has an opinion as which one struck the other could not be based on fact, could not be a legitimate conclusion or expert opinion I respectfully submit that he ought not to be permitted to testify." (T. 107) The two objections were overruled, which action is the subject of enumerations 2 and 3.

One of these assignments of error contends the action of the trial judge in that his having himself questioned the witness caused the jury to place undue emphasis upon the testimony and was therefore prejudicial when there was no issue as to the witness having been qualified as an expert. We find no error in the trial judge having here asked the single question to clarify the situation. "It is within the discretion of the trial court to question witnesses in order to ascertain the

truth of the issue at hand so long as the manner in which the questions are propounded does not intimate or express any opinion concerning the issue." *Atlanta Stove Works v. Hollon,* 112 Ga. App. 862, 871 (146 SE2d 358). Also see *Glover v. State,* 129 Ga. 717, 724 (59 SE 816); *A. K. Adams & Co. Inc. v. Homeyer,* 87 Ga. App. 301, 303 (73 SE2d 581); *Wilson v. State,* 94 Ga. App. 737 (2) (96 SE2d 281).

3. Did the court err in permitting the state trooper to reconstruct the collision because this constituted an invasion in the province of the jury, as appellant contends?

"Whether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused." *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755) and cits. See also *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480 (5) (164 SE2d 318). Since it has been held that an experienced auto-wrecker driver is qualified "to state facts and give his opinion [from these facts] as to the point of impact and between what objects" (*Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254, 265 (60 SE2d 815)) there should not be any doubt that a police officer with investigative training and experience on automobile collisions is an expert. Of course the credibility and weight to be given his testimony is for the jury.

Appellant does not attack the officer's qualification as an expert but, relying primarily on *Whatley v. Henry,* 65 Ga. App. 668 (16 SE2d 214), argues that an expert may not give an opinion as to how a collision occurred when the matters upon which his opinion is based are facts which are obvious and objective and capable of detail from which the jury may draw its own conclusions, so

that to permit such opinion invades the province of the jury because it permits the witness to decide the specific question that is for determination by the jury. Did the state trooper's answer violate that rule? He was not asked, nor did he intimate, who was or was not negligent, which was the ultimate question to be decided by the jury. He gave his opinion, based on certain facts, as to the sequence of events. This is the purpose of having an expert witness testify. Use of expert witnesses to reconstruct the sequence of events in automobile collisions has now become commonplace. They are helpful, particularly with the limitation taken from the decided cases and which was included in the charge that "the question of the weight of this testimony and the credibility, however, are to be determined by the jury. You're not bound by the opinion of any expert upon any matter and you may give it whatever weight you feel from the evidence in the case that it is entitled to receive." See *Fuels, Inc. v. Rutland,* 123 Ga. App. 23 (1) (179 SE2d 290); *Turner v. Travelers Ins. Co.,* 114 Ga. App. 729, 730 (152 SE2d 783); *Hall v. Gen. Accident Assur. Corp.,* 16 Ga. App. 66, 80 (85 SE 600).

"An expert who has been duly qualified may express his opinion on a given state of facts although it be a conclusion, and such testimony is not inadmissible, but the opposing party may by cross examination elicit other facts tending to show that the conclusion is, as he contends, based on insufficient data." *Freedman v. Housing Authority &c. of Atlanta,* 108 Ga. App. 418 (1b) (136 SE2d 544). For an expert to give opinion testimony reconstructing a collision is not error. *Bartow County School District v. Weaver,* 121 Ga. App. 733, 736 (175 SE2d 78) and cits. In *Spradlin v. State,* 90 Ga. App. 97, 99 (82 SE2d 238) this court ruled an expert's testimony concerning how a gun was being pointed at the decedent, which stated the location of the bullet holes

in the deceased's body and the deceased's posture, was not objectionable as being an opinion on the ultimate question before the jury, the ultimate fact not being the angle of fire, but the guilt of the accused.

"A qualified witness may give opinion evidence as to speed based on data observed immediately after a collision, such as skid marks, distances, and the positions of and damage to the vehicles. If it be developed by further examination that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence." *Central Container Corp. v. Westbrook,* 105 Ga. App. 855 (4) (126 SE2d 264). In accord, *Adams v. Evans,* 68 Ga. App. 544 (23 SE2d 507); *Massey v. Stephens,* 113 Ga. App. 10 (2) (147 SE2d 53); *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, supra.

4. There being sufficient evidence to raise the issues of contributory and comparative negligence, the trial court did not err in including these principles of law in the charge, notwithstanding any failure of the pleadings to raise these issues. *Bentley v. Ayers,* 102 Ga. App. 733 (4) (117 SE2d 633); *Skaggs v. Clarke County Motors,* 115 Ga. App. 662 (155 SE2d 718).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

Submitted January 4, 1973 — Decided February 7, 1973 — Rehearing denied March 8, 1973 — ■

*Rich, Bass, Kidd & Broome, Casper Rich,* for appellant.
*Powell, Goldstein, Frazer & Murphy, E. A. Simpson, Jr.,* for appellees.

Evans, Judge, concurring specially. 1. In Division 1 of the opinion, plaintiff's objections to the state highway patrolman's evidence are discussed. The patrolman testified in major part from a memorandum or writing

previously made. But he remembered, without the aid of the writing, as to the damages to the cars, and as to the debris and trash that fell in the highway at the scene of the collision. Plaintiff moved to strike the whole of the testimony of the patrolman. In *Robertson v. Cox,* 183 Ga. 744 (4) (189 SE 844), it is held that an objection en bloc to the entire testimony, some part of which is admissible, is not a proper objection. The majority opinion correctly holds the testimony was admissible, although placing its reason on other legal principles.

2. Other than here noted, I concur in the majority opinion and judgment.