14701.  KETCHUM v. PRICE et al.

The court did not err in overruling the special ground of the demurrer that there was a misjoinder of parties defendant.

DECIDED OCTOBER 3, 1923.

Damages; from Lee superior court—Judge Littlejohn. April 7, 1923.

*R. R. Forrester, Milner & Farkas,* for plaintiff in error.
*W. G. Martin,* contra.

BLOODWORTH, J.  Goode Price and J. M. Cannon brought suit in the superior court of Lee county against C. L. Ketchum and Georgia-Alabama Power Company. The petition shows: that Ketchum is a resident of that county; that the Power Company "is a corporation engaged in the business of generating electricity and transmitting it over wires in said county," but has its principal office in Dougherty county (plaintiff having prayed that second original issue, directed to sheriff of Dougherty county for service upon said Power Company); that on May 26, 1920, Ketchum sold to the plaintiff Price (who sold a half interest to his coplaintiff, Cannon) "all the hardwood, pine, and other trees and timbers of all kinds" upon certain lands; that plaintiffs had five years from said date in which to cut and remove said trees from said lands; that on June 4, 1921, after having sold the timber to plaintiffs and before the expiration of the five years which plaintiffs had in which to remove it, Ketchum executed an instrument of writing to his codefendant, Georgia-Alabama Power Company, "giving it all the right to back water and overflow said above-described lands, and also giving to it any other right or interest in said land that shall be necessary or incidental in the proper use of said land for overflow or backwater purposes" by reason of a certain dam erected by said Power Company; that at the time of the execution of said instrument both Ketchum and the Power Company knew that plaintiffs owned the timber on said lands; that in November, 1921, all the land on which the trees previously sold to plaintiff were standing "was flooded by back-water from said dam, said back-water being from five to fifteen feet deep, all of which resulted in the absolute destruction of the value of said trees," as set out in the petition. Ketchum demurred to the petition and the amendment thereto, the judge overruled the demurrer, and he excepted.

4

The only ground of the demurrer insisted upon or argued is that "there is a misjoinder of parties defendant," and only such facts have been set out in the above statement as are necessary for a discussion of this ground. Counsel for plaintiff in error stresses the point "that Georgia-Alabama Power Company was and is a public utility, with the right of eminent domain, . . and therefore had the right to overflow what lands were necessary, . . and it was its right to either condemn said property in question or purchase the same without resorting to condemnation proceedings. In the present case the parties got together and agreed upon a satisfactory price, and thus made it unnecessary to resort to condemnation proceedings." The fallibility of this contention is that the Power Company "got together" with only *one* of the parties at interest, viz. Ketchum, who owned the land, and ignored the plaintiff, who owned the timber on the land, and did this with full knowledge, according to the petition (which must be taken as true), that plaintiff did own said timber. The Power Company made no contract with plaintiff for the timber, and instituted no condemnation proceedings therefor. It cannot be contended that the deed from defendant Ketchum to plaintiff Price gave either of the defendants a right to destroy this timber, or fixed the damages which are sued for. "On the contrary, it appears to us that the parties to the deed merely agreed that upon the happening of certain contingencies the purchase price of the trees and timber in question would be lessened $500." See *Price* v. *Ketchum,* 29 *Ga. App.* 179 (115 S. E. 34). Certainly the deed did not provide that Ketchum could sell plaintiff the timber and then sell to some one else the right to destroy this timber. From this it will be seen that the Power Company contracted with Ketchum only, and the record shows no contract or proceeding authorizing the destruction of plaintiffs' property. However, Ketchum, after having sold this timber to plaintiff, and of course knowing that it belonged to plaintiff, did sell to the Power Company the express right to overflow the land on which this timber was located; and the Power Company, knowing that the timber belonged to plaintiff, and without purchasing or condemning said property, overflowed said land and destroyed this timber; and the loss sustained by plaintiff was the natural consequence of the wrongful acts of *these two* defendants. The Power Company, in overflowing the lands and destroy-

ing the timber, acted under and by virtue of the instrument which it had procured from Ketchum, and therefore Ketchum's selling this alleged right to overflow the land, coupled with the act of the Power Company in overflowing the land, was the cause of plaintiffs' damage.

Ketchum, the plaintiff in error in this case, *procured* the commission of the trespass by executing this instrument to the Power Company. "One who procures or assists in the commission of a trespass, or does an act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns* v. *Horkan,* 126 *Ga.* 161 (3) (54 S. E. 946). In discussing the *Burns* case, Judge Pottle, in the case of *Burch* v. *King,* 14 *Ga. App.* 155 (2) (80 S. E. 605), said: "It appears to be well settled that anyone who procures or assists in the commission of a trespass, or directs or requests that it be done, *or does an act which ordinarily or naturally produces the trespass,* is liable *jointly* with the actual perpetrator." (Italics ours.) Certainly Ketchum in selling the express right to overflow this land did an act which ordinarily and naturally produces such a trespass. See also Civil Code, § 4469; *Brooks* v. *Ashburn,* 9 *Ga.* 298 (3); *Williams* v. *Inman,* 1 *Ga. App.* 323 (1) (57 S. E. 1009); *Chattahoochee Brick Co.* v. *Goings,* 135 *Ga.* 535 (69 S. E. 865, Ann. Cas. 1912A, 263); *Graham* v. *Dahlonega Co.,* 71 *Ga.* 297 (3 a).

Applying the foregoing decisions to the allegations of the petition in the instant case, we find that there was no "misjoinder of parties defendant," and the court did not err in overruling the demurrer on this special ground.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*