### 75248. KING et al. v. THOMPKINS.
(366 SE2d 340)

POPE, Judge.

Plaintiff Alvie Thompkins claims she was the victim of fraud and collusion by the officers and employees of Futuristic Realty Company, Inc. in regard to the sale of her home and the attempted purchase of another home. Her original five-count complaint was filed against Futuristic, Brenda Morgan, Robert King and the owners of the house she attempted to purchase, Roosevelt and Bernita Winfrey. Count Five of the complaint, the claim against the Winfreys, was voluntarily dismissed. Damages on Count One of the complaint in the amount of $9,000 were awarded plaintiff by consent order and were paid by the Georgia Real Estate Commission. Plaintiff then filed an amendment to the complaint attempting to add Malvin Trawick and Richard Hughes as defendants to the action. The amendment to the complaint made allegations against Trawick and Hughes only in regard to Count Two of the complaint. Plaintiff never moved the court for an order to permit her to add parties to the action, as required by OCGA § 9-11-21. However, service of the amended complaint was perfected upon Hughes, who filed a pro se answer which failed to raise the defense of improper joinder for plaintiff's failure to obtain leave of court to add him as a party defendant. Trawick failed to file a responsive pleading because he claims he was not properly served at the time the amended complaint was filed. Trawick claims he was properly served only fourteen days before the trial commenced, which was over one year after the amended complaint was filed with the court. After a hearing on the issue of sufficiency of service, the trial court found defendant Trawick had been properly served a year earlier and found him to be in default. The answer of defendant King was stricken as a sanction for failure to attend his own deposition and default judgment was likewise entered against him. Thus, at trial, plaintiff was required to prove liability in order to recover from defendant Hughes, who had timely responded by denying the allegations of plaintiff's

complaint. Plaintiff was required only to prove damages in order to recover on her default judgments against defendants Trawick and King.

Plaintiff Thompkins' case against the five defendants (the three defendants now before us plus Futuristic and Brenda Morgan) was consolidated for trial with a related case brought by four other plaintiffs against these same defendants. A verdict was returned in favor of plaintiff Thompkins and against all defendants on each remaining count of plaintiff's complaint. Defendants King, Trawick and Hughes appeal.

1. Defendants Trawick and Hughes argue the judgment against them should be reversed because they were never properly made parties to the action. Parties may be added to a lawsuit only by order of the court. OCGA § 9-11-21. The record shows plaintiff failed to obtain leave of the court to add defendants Trawick and Hughes. However, the record also shows this defense was not properly raised by defendants in the pretrial order. "A pretrial order limits the issues for trial to those not disposed of by admissions or agreements of counsel. The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. OCGA § 9-11-16 (b). If a claim or issue is omitted from the order, it is waived." (Cits. and punctuation omitted.) *Long v. Marion*, 257 Ga. 431, 433 (360 SE2d 255) (1987). This rule applies to the issue or defense of failure of the opposite party to obtain leave of court to add a party by amendment to an existing suit. Cf. *CMT Investment Co. v. Automated Graphics Unlimited*, 175 Ga. App. 353 (333 SE2d 196) (1985) (where defendant was found not to have waived his defense prior to trial of the case where no pretrial order was entered).

On rehearing, defendant Trawick argues he did raise the issue of failure to obtain leave to add a party in his portion of the pretrial order. The pretrial order covered the claims of five individual plaintiffs. Defendant Trawick did not object specifically to plaintiff Thompkins' complaint, but to all "plaintiffs' " contentions on the ground he was not a named party to some of the "cases." A careful reading of this objection shows it referred to his defense of insufficiency of service by plaintiff Thompkins. This is further supported by the fact that the only pretrial motion brought by Trawick was a motion to dismiss for insufficiency of service. Having lost the motion to dismiss, he made no further motion and presented no evidence to the trial court on the issue of failure to obtain leave of court to add him as a party. Defendant Trawick's vague and ambiguous objection in the pretrial order to the claims of all five plaintiffs was insufficient to preserve this defense, especially in light of the fact that he failed to raise the defense specifically by motion before trial, as he did for his defense of insufficiency of service.

2. We find no merit in the defendants' challenge to the verdict on the general grounds. Where there is any evidence to support the verdict of the jury and the judgment of the court, judgment will not be disturbed. *Scott v. Scott*, 243 Ga. 472 (254 SE2d 852) (1979). Defendants argue that plaintiff was damaged only by the acts of defendant Brenda Morgan and they should not be held liable for the wrongful acts of another. The evidence presented at trial was sufficient to support a finding that all three defendants here acted in concert with defendant Brenda Morgan so that they may be held jointly liable with the actual perpetrator of the wrongful acts. See *Ketchum v. Price*, 31 Ga. App. 49 (119 SE 442) (1923).

3. In a civil case, multiple defendants are not each entitled to strike the full number of jurors, but all defendants must join in striking the jury. *Pool v. Gramling, Spalding & Co.*, 88 Ga. 653 (4) (16 SE 52) (1891). Therefore, the trial court did not err in requiring the defendants to cooperate and confer in striking the jury. We find no merit in defendants' claim that they were prejudiced before the prospective jurors by appearing to cooperate in the striking of the jury when, in fact, their positions in the trial of this case were hostile to each other.

4. Defendant Trawick argues the court erred in failing to require the jury to return a special verdict in the form of written findings on each issue as to each defendant, as he requested. "Subsection (b) of Section 49 of the Civil Practice Act [OCGA § 9-11-49], which makes it the duty of the trial judge, upon written request, to require the jury to return only a special verdict in certain types of cases, has no application here. It is within the court's discretion as to whether he will require a special verdict under Section 49 (a) of the Civil Practice Act. *Pressley v. Jennings*, 227 Ga. 366 [(20)] (180 SE2d 896) [(1971)]. We find no abuse of discretion here. . . ." *Christiansen v. Robertson*, 139 Ga. App. 423, 427 (228 SE2d 350), rev'd on other grounds, 237 Ga. 711 (229 SE2 472) (1976). The record shows the trial court carefully questioned the foreman of the jury as to the jury's finding of liability on each count of plaintiff's complaint as to each defendant. Even though this trial combined two cases and involved multiple plaintiffs and defendants, we find no confusion as to the verdicts which were returned against these defendants.

5. The jury awarded damages of $25,000 to plaintiff against defendants jointly and severally for liability under Count Two of the complaint for loss of the benefit of the bargain for the house which plaintiff attempted to purchase. By consent order, this award was voluntarily reduced to $10,500, the damages prayed for in the complaint. The jury also awarded $50,000 for general damages, pursuant to Count Three, for malicious abuse of process for a dispossessory action which was brought to remove plaintiff from the house she was occu-

pying and had executed a contract to purchase, and awarded $75,000 punitive damages, pursuant to Count Four of the complaint, for the bringing of a theft action against plaintiff. Given the aggravated circumstances of the case, as shown by the evidence presented at trial, we find the jury's verdict is not excessive.

6. Defendants also object to the admission into evidence of certain documentary exhibits which they argue were irrelevant. Exhibit No. 65 was a deed from the Veterans Administration to defendant Trawick for real estate not involved in the cases being tried. However, when considered together with other evidence presented at trial, this document was properly admitted as evidence to show a pattern or scheme by defendants Trawick and Morgan to purchase property in their individual names with funds belonging to the realty company or funds from escrow accounts in order to defraud clients of the company. All other exhibits to which objections are made were offered as circumstantial evidence from which the jury could infer that defendants were improperly taking for their own personal use funds from escrow accounts rightfully belonging to their real estate clients. Therefore, these exhibits were not irrelevant to plaintiff's claims.

7. As discussed in Division 1 of this opinion, we find no error in the trial court's entry of a default judgment against defendant Trawick based on the court's finding that he was properly served one year prior to trial but failed to file an answer to plaintiff's complaint within the time required by law.

8. Defendants Trawick and Hughes, who were added to the action by amendment to the complaint, argue that the judgment against them should be overturned because it imposes liability for certain claims which were not made against them. The jury returned a verdict against all defendants on Counts Two, Three and Four of plaintiff's complaint. The only allegations against defendants Trawick and Hughes contained within the amended complaint related to Count Two. However, the pretrial order entered in this case set forth each of plaintiff's claims against all "defendants." Except for defendant Trawick, no objection was raised to plaintiff's statement of the case.

Even defendant Trawick did not object to any specific counts or claims made by plaintiff Thompkins. The pretrial order set forth the claims of all five plaintiffs in the two consolidated cases. As noted in Division 1 of this opinion, defendant Trawick did not object specifically to plaintiff Thompkins' claims, but to all "plaintiffs'" contentions on the ground he was not a named party to some of the "cases." At best, this general objection referred to his defense of insufficiency of service and was not sufficient to preserve an objection to any particular counts within plaintiff Thompkins' complaint. This is borne out by the fact that the only pretrial motion brought by Trawick was a motion to dismiss for insufficiency of service. Having lost the mo-

tion to dismiss, he voiced no further objection to having to defend against any particular counts within Thompkins' complaint. Moreover, as noted in Division 2 of this opinion, the evidence presented at trial was sufficient to raise the issue and support a finding that all defendants acted in concert with defendant Brenda Morgan, against whom all counts of plaintiff Thompkins' complaint were brought. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." OCGA § 9-11-15 (b). Therefore, both the pretrial order and the evidence presented at trial establish that defendants were rightfully made parties to all claims set forth in plaintiff Thompkins' complaint.

A pretrial order, when entered, establishes the issues to be tried and controls the subsequent course of the action. OCGA § 9-11-16. The relief granted by the verdict and judgment was in accordance with the allegations and issues set forth in the pretrial order. Defendants may not object for the first time on appeal to the specification of issues contained in the pretrial order. *Brumby v. Brooks*, 140 Ga. App. 210 (3) (230 SE2d 359) (1976).

9. Finally, defendants Trawick and King argue that special damages awarded on a default judgment may not exceed the amount specified in the prayer for relief. In Count Two of her complaint, plaintiff prayed for relief in the amount of $10,500 for loss of the benefit of the bargain for the house she attempted to purchase from defendants. The jury returned a verdict of $25,000 on this claim which was included in the judgment originally entered by the court. However, this discrepancy was later corrected by consent judgment which reduced the award on Count Two of plaintiff's complaint to $10,500. Therefore, defendants' ninth enumeration of error is moot.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 5, 1988 —
REHEARING DENIED FEBRUARY 23, 1988 —

*Walter L. Fortson*, for appellants.
*Thomas E. Maddox, Jr.*, for appellee.