A89A1037. CHATMAN v. BLASSINGAME et al.
(384 SE2d 433)

DEEN, Presiding Judge.

The appellant, Linda Chatman, was involved in an automobile collision at an intersection with another vehicle driven by the appellee, Nevonia Blassingame, and owned by the other appellee, Thelma Blassingame. Chatman sued the Blassingames for her injuries, and they counterclaimed. The matter proceeded to trial, and the jury returned a verdict finding both parties negligent and awarding no damages to either. On appeal, Chatman contends that the verdict is contrary to the law and the facts, and that the trial court erred in giving a particular jury charge. *Held*:

1. Chatman was driving south on a street intersected by another street that was controlled by stop signs. She claimed to be driving 30 miles per hour as she approached the intersection, and denied seeing Blassingame's vehicle crossing the intersection until it was too late to stop or avoid it. James Brannon was stopped on the intersecting road opposite to Blassingame, waiting to turn left. He motioned for Blassingame to cross the intersection, and as she proceeded forward Brannon looked to his left and saw Chatman's vehicle. He noticed that the brakes locked down on Chatman's car just before it struck the Blassingame car. Blassingame testified that after Brannon motioned for her to go ahead, she looked both ways, saw no vehicle, and entered

the intersection; she did not see Chatman's vehicle until the collision.

We find this evidence sufficient to authorize finding both parties equally negligent and thus equally unentitled to recover. Where there is any evidence to support the verdict, this court will not disturb the verdict. *King v. Thompkins*, 186 Ga. App. 12, 14 (366 SE2d 340) (1988).

2. The trial court instructed the jury that "a person operating motor vehicles on the streets and highways of the State is under a duty to keep a lookout ahead and see things that come within view, or that should be seen." Chatman contends that this jury charge incorrectly placed an absolute duty upon the driver, rather than a duty of ordinary care. Considering the fact that just prior to giving this charge, the trial court had also instructed the jury about the duty to exercise ordinary care for one's own safety and for the safety of others, we are unpersuaded that the jury was misled or confused as to the appropriate duty of care. Considering the jury charge as a whole, there was no error. See *Rosenthal v. Hudson*, 183 Ga. App. 712 (5) (360 SE2d 15) (1987).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 6, 1989 —
REHEARING DENIED JULY 13, 1989 —

*Waddell, Emerson, George & Buice, B. Carl Buice*, for appellant.
*Martin, Snow, Grant & Napier, Cubbedge Snow III*, for appellees.