A90A1381. FELTON v. WHITE.
(398 SE2d 425)

COOPER, Judge.

Appellant brought an action against appellee to recover for injuries received when her car collided with appellee's car. Appellee was travelling southbound in the right lane of a two-lane highway behind a tanker truck. Attempting to pass the truck along a curve in the highway, appellee accelerated, moved into the left lane, and then lost control of his car, hit a guardrail and came to rest blocking the left lane. Appellant, also travelling southbound in the right lane, testified that as she attempted to pass the truck, she moved into the left lane, proceeded around the curve alongside the truck and collided with appellee's car in the left lane. During the trial, the investigating officer testified that as a result of his investigation of the accident, he concluded that the accident happened because both drivers lost control of their vehicles. The jury returned a defendant's verdict which read: "We, the Jury find as follows: Both equally at fault." Appellant's motion for new trial was denied and this appeal followed.

1. Appellant contends that the officer's testimony about how the accident happened was inadmissible because it was based only on the hearsay statement of the truck driver given to the officer after the accident. The officer testified that he had over 15 years experience investigating automobile accidents and that he had investigated between 1,000 and 1,500 automobile accidents. Prior to the officer's testimony, the court questioned the officer outside the presence of the jury about the basis for his conclusion as to how the accident occurred, and the officer stated that he based his opinion on his observations of the physical evidence found at the scene, the position of the vehicles, the damage to them and the truck driver's statement to him. The trial court qualified the officer as an expert and allowed him to state, over objection, his conclusion that both drivers lost control of their vehicles. "[A] police officer with investigative training and experience on automobile collisions is an expert." *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439 (3) (197 SE2d 459) (1973). " 'An expert who has been duly qualified may express his opinion on a given state of facts although it be a conclusion, and such testimony is not inadmissible, but the opposing party may be cross-examination elicit other facts tending to show that the conclusion is, as he contends, based on insufficient data.' [Cit.]" Id. Furthermore, " '[w]hen an expert's testimony is based on hearsay, the lack of personal knowledge on the part of the expert does not mandate the exclusion of the opin-

ion but, rather, presents a jury question as to the weight which should be assigned the opinion. The evidence should go to the jury for whatever it's worth.' [Cits.]" *Jones v. Ray,* 159 Ga. App. 734 (4) (285 SE2d 42) (1981). The officer's testimony was not based solely on the statement of the truck driver and did not intimate whether either of the two drivers was negligent. Therefore, we conclude that the trial court properly allowed the testimony of the police officer.

2. Appellant also enumerates as error that the verdict was contrary to the weight of the evidence. We find that the evidence was sufficient to authorize the jury's finding that both parties were equally at fault. "Where there is any evidence to support the verdict, this court will not disturb the verdict. [Cit.]" *Chatman v. Blassingame,* 192 Ga. App. 288 (1) (384 SE2d 433) (1989).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 24, 1990.

*James & Carey, John D. Carey,* for appellant.
*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Lawrence C. Walker, Jr.,* for appellee.