A00A0678. MAYER v. WYLIE.
(535 SE2d 816)

MILLER, Judge.

Thongkham Mayer sued Rebecca Wylie, seeking to recover $7,000 for damages sustained to Mayer's vehicle allegedly due to the negligent operation of Wylie's vehicle. The jury returned a defense verdict. On appeal, Mayer's sole enumeration of error complains of the trial court's charge regarding an expert witness. We affirm.

In 1992, Larry D. White was a patrol sergeant with the City of Douglasville Police Department and a veteran officer with 15 years experience on the force. From the police department squad room, he heard the impact of two vehicles colliding and drove the very short

distance to investigate. After ascertaining that there were no injuries, he asked each driver what happened. Wylie stated "she was traveling southbound on Bowden Street approaching the intersection when the vehicle driven by Mrs. Mayer came across the intersection and [Wylie] hit it in the side." Mayer stated "she was westbound on Spring Street, . . . crossing the intersection when Mrs. Wylie struck her in the right side of the vehicle." Nevertheless, Sergeant White issued Mayer a citation for disregarding a stop sign, at which time Mayer protested for the first time "that she had stopped for a stop sign." Sergeant White thought it significant that in her first statement to him, Mayer "never even mentioned the stop sign."

Sergeant White started to offer what "[m]ost people [say to investigating officers] when they have a stop sign," but Mayer's objection to what "most people" say was sustained. The same objection was raised to a question about Sergeant White's experience in similar situations "when a person first doesn't mention the stop signs[,]" and the trial court ruled that Wylie would "need [to show] more foundation at least." After establishing Sergeant White's accident investigation experience over his 15-year career, Wylie was permitted, over objection, to elicit Sergeant White's opinion that "[m]ost of the time [drivers] want to make it very evident that they did stop at the stop sign before the accident occurred," but that Mayer did not do so in this case. Before allowing this evidence, the trial court admonished the jury that:

> admitting the evidence is not to say that I'm telling you to believe it or give it any weight or not weight. The weight is entirely up to you. I'm going to let the officer say what his experience is, whether you accept that in whole or in part is completely up to you.

On appeal, Mayer contends the court's charge on expert witnesses was harmful error because Sergeant White was never offered as an expert nor qualified as an expert, and since neither side requested this charge, it had the effect of impermissibly bolstering the credibility and veracity of the witness.

Unlike permissible opinions as to speed or point of impact or even sequence, based upon observation of the physical evidence,[1] there is considerable doubt that the investigating officer's opinion or experience as to how often the majority of other drivers refer initially to having lawfully stopped at a stop sign (if in fact they did so) is per-

---

[1] *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 445 (4) (197 SE2d 459) (1973) (speed); *Royal Crown Bottling Co. &c. v. Stiles*, 82 Ga. App. 254 (4) (a) (60 SE2d 815) (1950) (point of impact); *Stenger v. Weller*, 47 Ga. App. 863 (1) (171 SE 829) (1933) (sequence).

missible evidence under OCGA § 24-9-65.[2] A party's negligence or lack of negligence on any particular occasion must be proved only by the facts of that event, and not by any evidence of his prior driving record or of his general character or reputation for carelessness or recklessness in driving.[3] If a party's own past experience is legally irrelevant to the question of negligence on a particular occasion, then the experience of other drivers on other occasions is even less probative. It is not permissible to put an expert's imprimatur on the truthfulness of another witness's statement.[4] In this appeal, however, there is no challenge to Sergeant White's testimony.[5] The charge complained of is a correct statement of the law, taken from the pattern jury instructions,[6] and includes the express admonition that jurors "are not required to accept the testimony of any witness, expert or otherwise." In the absence of any enumeration challenging the *evidence*[7] underlying the court's decision to include the charge, we cannot say the inclusion of a correct instruction on expert testimony was harmful error.[8]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 13, 2000.

*Herman Pierre, Jr.*, for appellant.
*Cobb & Walton, James B. Walton,* for appellee.

---

[2] "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible."

[3] See *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (1) (356 SE2d 709) (1987). Compare *Felton v. White*, 197 Ga. App. 367 (398 SE2d 425) (1990) (officer's opinion that "both drivers lost control" did not intimate whether either driver was negligent); *Massee v. State Farm &c. Ins. Co.*, supra, 128 Ga. App. at 444 (officer was not asked and did not intimate who was or was not negligent, which was the ultimate question for the jury).

[4] *Long v. State*, 241 Ga. App. 370, 372 (3) (526 SE2d 875) (1999).

[5] Tender of an expert may be implied by permission to proceed (with or without objection) after laying a foundation. *In the Interest of C. W. D.*, 232 Ga. App. 200, 207 (3) (b) (501 SE2d 232) (1998).

[6] See *Rodriguez v. State*, 271 Ga. 40, 44 (3) (518 SE2d 131) (1999).

[7] Compare *Newberry v. D. R. Horton, Inc.*, 215 Ga. App. 858 (1) (452 SE2d 560) (1994) (whole court) (where expert testimony is necessary to support the plaintiff's claim, failure to qualify and tender witness as an expert authorizes directed verdict).

[8] *Durham v. State*, 181 Ga. App. 155, 157-158 (4) (351 SE2d 683) (1986).