## A05A1819. CARTER v. THE STATE.
### (626 SE2d 212)

MIKELL, Judge.

A Fulton County grand jury indicted Darantae[1] Carter for the offenses of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the taking of a wallet from Jeff Griffin on November 17, 2001. The indictment also charged Carter with escaping from lawful confinement on June 22, 2003. Carter was tried on the first three offenses and convicted by a jury. On appeal, Carter raises the sole error that the trial court erroneously instructed the jury as to how it should consider the facts related to his escape. We affirm.

Carter argues that the trial court violated the rule set forth by our Supreme Court in *Renner v. State*.[2] In that case, the Court held that "while the state may offer evidence of and argue flight, it shall be error for a trial court in a criminal case to charge the jury on flight."[3] In the instant case, Carter refers us to three instances in the record where he contends that the trial court violated the rule in *Renner*. We disagree.

Prior to the testimony of an officer from the jail from which Carter escaped, defense counsel stated: "Judge, before this witness testifies, if this matter relates to the escape allegation, I would ask for an instruction from the judge in terms of how the jury should view this evidence." After a bench conference, which was not recorded, the trial judge gave the following instruction:

> Ladies and Gentlemen, you may be receiving some evidence of incidents that may have occurred at the Fulton County Jail. Now, you may or may not remember, but I'm going to remind you that when I talked to you, the first thing I reminded you, that the defendant is on trial now only for the

---

[1] In the briefs submitted on appeal, the appellant's name is spelled "Darantae" and in the record below, with the exception of the transcript from the hearing on the motion for new trial, it is spelled "Durante." The record from the hearing names the defendant as "Darantae Carter, AKA Durante Carter."

[2] 260 Ga. 515 (397 SE2d 683) (1990); *Lewis v. State*, 269 Ga. App. 94, 95 (1) (603 SE2d 492) (2004).

[3] *Renner*, supra at 518 (3) (b).

three counts that I read to you from the indictment and not for any other crime. Now, if you decide that this evidence is relevant to the defendant's state of mind, then you can consider it. But you can consider it only for that purpose and remember that we are not dealing with any other offense other than the three that are on trial.

Defense counsel did not object after the instruction. "A litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same."[4] In the other two places in the record to which Carter refers, the trial court essentially summarized its initial instruction. Again, defense counsel did not object to the instructions. Consequently, this issue has not been preserved for appellate review.[5] Even assuming, however, that appellant's failure to object did not constitute a waiver of this issue, the trial court did not violate *Renner*[6] because it did not charge the jury on flight. Accordingly, we find no error and affirm.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 17, 2006.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Lewis, Assistant District Attorney*, for appellee.

---

[4] (Punctuation and footnote omitted.) *Joines v. State*, 264 Ga. App. 558, 561 (2) (591 SE2d 454) (2003).
[5] *Grier v. State*, 266 Ga. 170, 173 (3) (a) (465 SE2d 655) (1996).
[6] Supra.