A08A2040. KENNEBECK v. GLOVER.
(670 SE2d 459)

BLACKBURN, Presiding Judge.

In this personal injury action, Ashten Glover sued Kevin Kennebeck, alleging that he suffered serious injuries arising from an automobile accident caused by Kennebeck's negligence. A jury returned a verdict in Glover's favor, and the trial court entered judgment against Kennebeck. Kennebeck appeals, arguing that the trial court erred in (i) admitting a police officer's testimony as to the ultimate issue of negligence, (ii) admitting testimony that Kennebeck appeared to have been under the influence of alcohol at the time of the accident despite the pleadings and pretrial order containing no such allegations, and (iii) allowing Glover's counsel to make improper closing arguments regarding pain and suffering damages. For the reasons set forth below, we affirm.

Construed in favor of the jury's verdict, see *Timmons v. Cook*,[1] the record shows that in the early morning hours of April 23, 2004, Glover (an Airman in the United States Air Force) and several of his

---

[26] *Fields Bros. Gen. Contractors v. Ruecksties,* 288 Ga. App. 674, 677 (2) (655 SE2d 282) (2007).

[1] *Timmons v. Cook,* 287 Ga. App. 712 (652 SE2d 604) (2007).

Air Force friends left a nightclub in Macon to return to their base in Warner Robins. With Glover driving one vehicle and some of his friends following in another, the group proceeded down a two-lane road, with a 35 mph speed limit, for a few minutes before Glover realized that they had missed the turn that led back toward the interstate highway. Looking for a place to turn around, Glover noticed an apartment complex on the opposite side of the road, which had a turn lane leading into its entrance. Glover slowed his vehicle, checked his rear-view mirror for traffic, and activated his turn signal, indicating his intention to make a U-turn using part of the apartment complex's turn lane. As he began making the U-turn, Glover's vehicle was struck by a vehicle driven by Kennebeck, who had been traveling at a rate between 45 and 55 mph in the same direction as Glover and his friends and was attempting to pass them on the left. As a result of the collision, Glover suffered serious injuries.

Glover sued Kennebeck, alleging that the collision was caused by Kennebeck's negligent operation of his vehicle. At trial, Glover and two of his friends testified regarding the accident and Glover's injuries. In addition, Glover submitted into evidence the deposition testimony of the police officer who investigated the accident. Kennebeck also testified as to how the accident occurred. At the trial's conclusion, the jury rendered a verdict in favor of Glover and awarded him $62,500 in damages. The next day, the trial court issued a judgment on the jury's verdict and award. This appeal followed.

1. Kennebeck contends that the trial court erred in admitting the police officer's testimony that Kennebeck was driving too fast for conditions. Specifically, he argues that such testimony was improper because it constituted an expert opinion as to the ultimate issue of negligence. We disagree.

"A trial court retains broad discretion in determining whether to admit or exclude evidence, and an appellate court generally will not interfere with that discretion absent abuse." *Carlisle v. Abend.*[2] Prior to the trial in this matter, one of the investigating officers, Deputy Sean DeFoe, testified via deposition about his investigation of the accident, including the fact that he visually inspected the scene and the vehicles and that he talked to the witnesses. Based on his investigation, Deputy DeFoe concluded that the accident occurred as a result of Glover making a u-turn at the same time that Kennebeck was attempting to pass him. During the Deputy's deposition, the following exchange with Glover's counsel also occurred:

---

[2] *Carlisle v. Abend*, 288 Ga. App. 150, 151 (2) (653 SE2d 388) (2007).

> Q. . . . If you assumed that [Kennebeck] was going 55 miles an hour . . . [would] that based on the area of the accident and your familiarity with the area, and your training and experience be too fast for conditions?
> A. If he was, then yes.

In a hearing prior to trial, Kennebeck moved to have this testimony excluded, arguing that it constituted expert opinion on the ultimate issue of Kennebeck's negligence and thus invaded the province of the jury. However, the trial court, in its discretion, denied the motion and decided to allow the testimony. At trial, the deputy's testimony, including the aforementioned exchange, was read to the jury. In addition, Kennebeck testified that he believed that he was traveling at a rate between 45 and 55 mph just before the accident occurred. Other evidence, including Glover's testimony, indicated that the posted speed limit in the area where the accident occurred was 35 mph.

"There can be no doubt a police officer with investigative experience on automobile collisions is an expert." *Jefferson Pilot Life Ins. Co. v. Clark*.[3] The issue here is not whether the deputy's expert opinion would invade the province of the jury, but whether the subject is a proper one for opinion testimony. See *Purcell v. Kelley*.[4] "Expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the layman." (Punctuation omitted.) *Jefferson Pilot Life Ins. Co.*, supra, 202 Ga. App. at 392 (3). Furthermore,

> [w]here the investigating officer's opinion is based on his examination of physical evidence at the scene, and not solely on statements of witnesses, and where he does not opine as to the ultimate issue of a party's negligence, his opinion on the cause of the accident is admissible as an assessment of fact and not a legal conclusion or a conclusion constituting a mixture of law and fact.

(Punctuation and footnotes omitted.) *Fortner v. Town of Register*.[5]

Here, Deputy DeFoe testified as an expert on automobile collisions, who had investigated the scene of the accident, but did not offer an ultimate opinion as to whether Kennebeck was at fault or

---

[3] *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 392 (3) (414 SE2d 521) (1991).
[4] *Purcell v. Kelley*, 286 Ga. App. 117, 118 (1) (648 SE2d 454) (2007).
[5] *Fortner v. Town of Register*, 289 Ga. App. 543, 546 (1) (657 SE2d 620) (2008).

whether he was negligent. Rather, his testimony that Kennebeck was driving too fast for conditions *if* he was driving 55 mph was a response to a hypothetical question that did not necessarily constitute an opinion that Kennebeck's speed was the negligent act that caused the collision. See *Fortner*, supra, 289 Ga. App. at 546 (1); *Jefferson Pilot Life Ins. Co.*, supra, 202 Ga. App. at 392 (3); *Felton v. White*.[6] Indeed, unlike the officers' testimony at issue in *Emory v. Dobson*[7] and *Cone v. Davis*,[8] the deputy's testimony regarding the possible speed at which Kennebeck's vehicle was traveling only involved one of several factual assessments made by the deputy regarding his investigation of the accident and thus was not tantamount to testimony that Kennebeck was negligent. See *Jefferson Pilot Life Ins. Co.*, supra, 202 Ga. App. at 392 (3). Furthermore, in *Cone*, unlike here, it is unclear whether the testifying sheriff based his opinion upon his personal investigation of the accident scene.[9] *Cone*, supra, 66 Ga. App. at 234-235 (5). Accordingly, the trial court did not abuse its discretion by admitting Deputy DeFoe's response to Glover's hypothetical question regarding the speed of Kennebeck's vehicle. See *Fortner*, supra, 289 Ga. App. at 546 (1); *Felton*, supra, 197 Ga. App. at 368 (1).

2. Kennebeck contends that the trial court erred in admitting evidence that Kennebeck appeared to have been under the influence of alcohol at the time of the accident despite the pleadings and pretrial order containing no such allegations. This contention is without merit.

During plaintiff's opening statements, Glover's counsel remarked that there would be evidence suggesting that Kennebeck had been drinking at the time of the accident. Kennebeck's counsel objected but was overruled by the trial court. Later in the trial, one of Glover's Air Force friends, who was with Glover at the time of the accident, testified that after the collision he noticed that Kennebeck was slurring his words and was not stable on his feet. Based on these observations, the witness testified that he believed that Kennebeck "was drunk." Kennebeck objected and moved for a mistrial on the ground that no foundation had been laid to show that the witness was competent to render an opinion on whether someone was intoxicated. Outside of the jury's presence, the trial court allowed

---

[6] *Felton v. White*, 197 Ga. App. 367, 368 (1) (398 SE2d 425) (1990).

[7] *Emory v. Dobson*, 206 Ga. App. 482, 484 (426 SE2d 50) (1992).

[8] *Cone v. Davis*, 66 Ga. App. 229, 234-235 (5) (17 SE2d 849) (1941).

[9] It is also worth noting that *Cone* was decided before it was commonplace for police officers to testify as experts with regard to automobile collisions. See *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 443 (3) (197 SE2d 459) (1973) (state patrolman allowed to testify as to how three-car collision occurred).

Glover to establish that the witness had observed intoxicated people in the past and could therefore opine as to whether Kennebeck appeared intoxicated. Subsequently and without further objection, the witness testified before the jury that Kennebeck appeared to have been intoxicated at the scene of the accident.

Kennebeck now argues that the trial court should have excluded Glover's friend's testimony that Kennebeck appeared intoxicated because neither the complaint nor the pretrial order contained any allegations that the accident was caused by Kennebeck's intoxication. However, Kennebeck did not object to the friend's testimony on this ground at trial but rather objected on the specific ground of lack of foundation as to the friend's competency to testify on intoxication. "An objection on a specific ground or grounds at trial waives any objection to that evidence on other grounds on appeal." (Punctuation omitted.) *Adams v. State*.[10] Thus, Kennebeck has waived this issue on appeal.

3. Kennebeck also contends that the trial court erred in allowing Glover's counsel to make improper closing arguments. We disagree. "Counsel is permitted wide latitude in closing argument and any limitation of argument is a matter for the trial court's discretion." (Punctuation omitted.) *Lillard v. Owens*.[11] Indeed, during closing argument, "counsel may draw from the evidence properly before the factfinder any inference apparently reasonable and legitimate." (Punctuation and emphasis omitted.) *Joines v. State*.[12]

During closing argument, Glover's counsel discussed his client's medical bills and implied that those bills were not as costly as they otherwise may have been due to the fact that Glover had received some medical treatment at Air Force medical facilities. Kennebeck's counsel objected but was overruled by the trial court. Citing *Gielow v. Strickland*,[13] Kennebeck argues that his objections should have been granted because Glover's counsel did not confine his argument to the facts of the case and improperly asked the jury to award damages that were impermissible under law. This contention is without merit. In *Gielow*, this Court held that the trial court in a wrongful death case erred in allowing plaintiff's counsel to argue during closing for punitive damages because the wrongful death statute had already prescribed a particular measure for damages in such cases. Id. at 86 (1). Given that this matter is not a wrongful death case and that Glover's counsel was not arguing for punitive

[10] *Adams v. State*, 282 Ga. App. 819, 823 (3) (b) (640 SE2d 329) (2006).
[11] *Lillard v. Owens*, 281 Ga. 619, 622 (2) (641 SE2d 511) (2007).
[12] *Joines v. State*, 264 Ga. App. 558, 563 (4) (591 SE2d 454) (2003).
[13] *Gielow v. Strickland*, 185 Ga. App. 85 (363 SE2d 278) (1987).

damages, *Gielow* is not applicable. Furthermore, Glover testified at trial that he received some of his medical treatment at facilities on the Air Force base. Thus, his counsel's comments regarding this treatment and its impact on damages fell within the wide latitude afforded to counsel in closing arguments. See *Lillard*, supra, 281 Ga. at 622 (2).

A moment or so after resuming his closing argument, Glover's counsel began discussing pain and suffering damages and how defendants often calculate that figure by multiplying a plaintiff's medical expenses by some number. Kennebeck's counsel objected on the ground that the comments were improper, but again, the trial court overruled the objection. Citing *Central of Ga. R. Co. v. White*,[14] Kennebeck contends that the comments by Glover's counsel regarding the method by which defendants sometimes calculate pain and suffering damages constituted reversible error because it introduced prejudicial facts and results from other cases. This contention is also without merit. In *Central of Ga. R. Co.*, this Court held that the trial court erred in failing to declare a mistrial during closing argument after plaintiff's counsel twice made specific references to cases that were factually similar to the matter at hand and suggested that the jury award comparable damages in light of the similarities. Id. at 291 (3). Here, in stark contrast, Glover's counsel made no prejudicial references to specific damage awards in other cases but rather discussed a possible method for calculating pain and suffering damages. Such comments were also well within the wide latitude afforded to counsel in closing arguments. See *Lillard*, supra, 281 Ga. at 622 (2). Accordingly, the trial court did not abuse its discretion in overruling Kennebeck's objections to Glover's closing argument.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 10, 2008 —
RECONSIDERATION DENIED NOVEMBER 25, 2008 —

*Gray, Rust, St. Amand, Moffett & Brieske, Michael D. St. Amand*, for appellant.

*Reynolds, McArthur & Horne, Timothy J. Boyd*, for appellee.

---

[14] *Central of Ga. R. Co. v. White*, 49 Ga. App. 290 (175 SE 407) (1934).